**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **SHAWN LOCKHART, JR,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-81 (MTT)** |
| | ) | |
| **GEORGIA DEPARTMENT OF** | ) | |
| **CORRECTIONS, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

Plaintiff Shawn Lockhart, Jr., filed a pro se complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), alleging that the Georgia Department of Corrections ("GDC") and various prison officials violated his religious and due process rights. ECF 1. Plaintiff also filed a motion for a preliminary injunction and a temporary restraining order. ECF 2. In August 2025, Magistrate Judge Amelia G. Helmick recommended that Plaintiff's claims be allowed to proceed for further factual development pursuant to 28 U.S.C. § 1915A(a) but that the Court deny Plaintiff's motion for a preliminary injunction. ECF 5. Plaintiff filed a motion for an extension, but the subject of the extension was ambiguous. ECF 6. The Magistrate Judge construed the filing as a motion to extend the objection deadline and granted the motion. ECF 7. The Court interpreted Plaintiff's request as an extension of the service deadline because Plaintiff stated he had not received a Rule 4 Service Package. ECF 8 at 2 n.2. The Court then adopted the Recommendation, permitting Plaintiff's claims to proceed but denying his motion for a preliminary injunction. ECF 8.

## I.  DISCUSSION

### A.  Motion to Alter or Amend Judgment

Before the Court is Plaintiff's motion "to alter or amend judgment," purportedly brought under Federal Rule of Civil Procedure 59(e). ECF 10. To be clear, however, no judgment has been entered. The Court permitted Plaintiff's claims to proceed, and the case is ongoing. *See* ECF 8. Consequently, the Court liberally construes Plaintiff's motion as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (citation modified). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

Plaintiff argues that the Court misconstrued his extension motion as a motion to extend the service deadline and that Plaintiff actually intended to request an objection deadline extension. ECF 10 at 1. He also attaches his objection.[1] ECF 10. Given that

---

[1] The Magistrate Judge extended the deadline to September 8, 2025. ECF 7. Plaintiff's motion to alter or amend the judgment and his attached objection are dated September 24, 2025, which is beyond the deadline. ECF 10 at 7. Nevertheless, because the Court addressed the Recommendation before the extended deadline, the Court considers the objection as if timely filed.

the Magistrate Judge construed the motion as a request to extend the objection deadline, the Court will, out of an abundance of caution, **VACATE** the Order adopting the Recommendation (ECF 8) and reconsider the Recommendation in light of Plaintiff's objection. Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo those portions of the Recommendation to which Plaintiff objects.

### B. The Objection

#### 1. Service and Due Process

Plaintiff objects to the Recommendation's instruction that Plaintiff serve Defendants. ECF 10 at 6. The Magistrate Judge is assisting Plaintiff with service. ECF 16. Thus, Plaintiff's objection is moot.

Plaintiff also labeled a section of his filing "Objections to Report and Recommendation Regarding Due Process Claims." ECF 10 at 6. But substantively, Plaintiff thanks the Court for allowing his due process claims to proceed and notes that he "reserves the right to provide any pertinent laws in support of his due process claims at the appropriate time." *Id*. Thus, Plaintiff does not raise an objection to the Recommendation concerning Plaintiff's due process claims. More recently, Plaintiff moves to supplement this portion of his "objection," asking the Court to consider Georgia's Religious Freedom Restoration Act as legal authority supporting his due process claims. ECF 22. The motion is **DENIED**. The motion is months late, and in any case, the Court adopts the Recommendation allowing Plaintiff's due process claims to proceed. As the case develops, Plaintiff will have the opportunity to discuss, as needed, the legal authority supporting his claims.

2. *Motion for Preliminary Injunction or TRO*

Plaintiff principally objects to the Magistrate Judge's Recommendation that the Court deny Plaintiff's motion for a preliminary injunction or TRO. ECF 10 at 1–6.

The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916–17 (11th Cir. 2010) (per curiam). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.,* 896 F.2d 1283, 1284 (11th Cir. 1990)). To obtain a TRO or a preliminary injunction, a plaintiff must demonstrate: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that granting the relief would not be adverse to the public interest. *Schiavo ex rel. Schindler v. Schavio*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

Plaintiff requests the Court order that "Plaintiff and his community, the Assembly of Yisreal, shall immediately enjoy all liberties shared by other religious groups who have Guidelines written in the Standard Operating Procedures ('SOP') for the Georgia Department of Corrections ('GDC')" and that "All Special Religious Requests henceforth shall be approved." ECF 2-1 at 1. In addition, Plaintiff seeks accommodations to grow his beard and hair to three inches and requests an order preventing Defendants from

transferring Plaintiff to another prison facility without permission from the Court. ECF 2; 2-1.

As an initial matter, Plaintiff seeks some relief that the Court does not have the authority to grant. In the Recommendation, the Magistrate Judge observed that it is beyond this Court's power to decide whether Plaintiff can be transferred to a different state prison. ECF 5 at 2 n.3. The Magistrate Judge also observed that Plaintiff, proceeding pro se, cannot litigate on behalf of other prisoners. *Id.* at 2 n.2. Plaintiff raises no objection to these legal observations, and they are correct. *See* ECF 10. Plaintiff's requests for relief on behalf of others in his religious community and for limitations on his transferability are **DENIED**.[2]

In addition, the Magistrate Judge recommends dismissal because Plaintiff failed to show irreparable injury. ECF 5 at 4. Plaintiff argues that the deprivation of his rights is irreparable and that he was reasonably diligent in pursuing his claims. ECF 10 at 5. But at the same time, Plaintiff states that it is improper to adjudicate Plaintiff's motion for a preliminary injunction or TRO without a response from Defendants, and he asks the Court to wait to rule on the motion until after Defendants are served and have responded. *Id.* at 6. Plaintiff's request undercuts his contention that Plaintiff faces imminent irreparable injury warranting the extraordinary remedy of a preliminary injunction. *See Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016). The Court also notes that, after Plaintiff filed his motion, he was transferred to Valdosta State Prison, which may affect the Court's ability to afford Plaintiff meaningful injunctive

---

[2] In his objection, Plaintiff requests a "declaratory judgment that protects Plaintiff's claims" from becoming moot upon transfer. ECF 10 at 5 (capitalization removed). That request is **DENIED**. The Court and Magistrate Judge will address mootness as necessary throughout the case.

relief.[3] ECF 15. Accordingly, the motion for a preliminary injunction (ECF 2) is **DENIED without prejudice**. If necessary, Plaintiff may move for a preliminary injunction after Defendants are served and have an opportunity to respond to Plaintiff's allegations.

## II.  CONCLUSION

Plaintiff's motion for reconsideration (ECF 10) is **GRANTED**. The Court's Order adopting the Recommendation (ECF 8) is **VACATED**. The Court has reviewed the Recommendation in light of Plaintiff's objection and accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (ECF 5) is **ADOPTED** and made the Order of the Court. For the reasons stated in this Order, Plaintiff's motion for a preliminary injunction or TRO (ECF 2) is **DENIED without prejudice**. Plaintiff's motion to supplement his objection (ECF 22) is **DENIED**.

**SO ORDERED**, this 22nd day of July, 2026.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Plaintiff has filed several "articles of amendments" which the Magistrate Judge will screen. This Order addresses the Motion for a preliminary injunction filed in February 2025 (ECF 2) and does not address Plaintiff's subsequent articles of amendment.