**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

SHAWN LOCKHART, JR.,

Plaintiff,

v.

GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*,

Defendants.

Case No. 5:25-cv-81-MTT-AGH

**ORDER**

*Pro se* Plaintiff Shawn Lockhart, Jr., filed a complaint pursuant to 42 U.S.C. § 1983 on February 21, 2025 (ECF No. 1). Now pending before the Court are Plaintiff's four motions to amend (ECF Nos. 4, 9, 12, 20) and two motions to supplement (ECF No. 19, 21) his complaint.[1] In his motions, Plaintiff seeks leave to add new factual allegations, new claims, and new defendants to this action.[2] For the following reasons, Plaintiff's first motion to amend or supplement (ECF No. 4) is

[1] The Court construes Plaintiff's filings entitled "Article of Amendments," as motions to amend. Likewise, the Court construes Plaintiff's "Supplemental Affidavit" and "Motion to Amend Order, To Stay Service" as motions to supplement.

[2] Plaintiff first seeks to amend his requests for relief and to add jewelry to the list of items that he has been prohibited from wearing. 1st Mot. Am. Compl. 1, ECF No. 4. Plaintiff's second and third motions describe events that occurred in April 2025, May 2025, and August 2025 at Wilcox State Prison and seek to add additional defendants. 2d Mot. Am. Compl., ECF No. 9; 3d Mot. Am. Compl., ECF No. 12. Fourth, Plaintiff requests leave to: (1) amend claims against Defendant Sisson for events that occurred in August 2025 and November 2025 at Wilcox State Prison; (2) add additional defendants and witnesses for claims that arose in December 2025 at Wilcox State Prison; and (3) add claims for events that occurred at Valdosta State Prison in March 2026. 4th Mot. Am. Compl., ECF No. 20; Supp. Aff., ECF No. 21. Fifth, Plaintiff seeks to add additional defendants to this action, and he also requests that the Clerk recalculate the cost for service for the updated list of thirty-six defendants. Mot. Am. & Stay, ECF No. 19.

**GRANTED**, but his remaining motions to amend and supplement (ECF Nos. 9, 12, 19, 20, 21) are **DENIED**.[3]

## I. Standard for Amendments or Supplements

A plaintiff may file an amended complaint once as a matter of course no later than twenty-one days after service of the original complaint or twenty-one days after the defendant's service of a responsive pleading or Rule 12 motion to dismiss. Fed. R. Civ. P. 15(a)(1). A *pro se* plaintiff does not waive his right to amend as a matter of course by filing a motion to amend instead of an amended complaint. *Toenniges v. Ga. Dep't of Corr.*, 502 F. App'x 888, 889 (11th Cir. 2012). Because Plaintiff can amend his complaint once without leave of court, his first request to amend his complaint (ECF No. 4) is **GRANTED**.

After a plaintiff amends his complaint once as a matter of course, subsequent amendments require "leave of court or . . . written consent of the adverse party; and leave shall be freely given when justice so requires." *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007) (quoting Fed. R. Civ. P. 15(a)). Plaintiff seeks to supplement his complaint, in addition to amending it, by setting out "transaction[s], occurrence[s], [and] event[s] that happened after the date of the [initial] pleading[.]" Fed. R. Civ. P. 15(d). He also seeks to join new defendants to his action, which he may do where "(A) any right to relief is asserted against [the

[3] As best as the Court can tell, Plaintiff's two motions to supplement (ECF Nos. 19, 21) seek to supplement his motions to amend. Because his motions to amend are denied, he cannot supplement those motions. Moreover, Plaintiff seeks to "stay service . . . for the [r]ecord to be [p]erfected[.]" Mot. Am. & Stay 1, ECF No. 21. Thus, Plaintiff is asking the Court to stay service until it grants Plaintiff leave to amend his complaint and add new defendants to the action. *Id.* at 1-2. Because his motions to add defendants are denied, there is no service to stay. Thus, his motion regarding service (ECF No. 19) is denied.

defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants [arises] in the action." Fed. R. Civ. P. 20(a)(2).

However, a motion to amend or supplement is properly denied as futile when the pleading, as amended or supplemented, would fail to set forth a claim upon relief may be granted. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility when the complaint as amended would still be properly dismissed." (internal quotation marks and citation omitted)); *see also Ga. Ass'n of Latino Elected Offs., Inc. v. Gwinnett Cnty. Bd. of Registration*, 36 F.4th 1100, (11th Cir. 2022) (holding that a "supplemental pleading is futile when the claim, as amended, would still be subject to dismissal" (internal quotation marks and citation omitted)). Because Plaintiff's remaining motions to amend and supplement are futile, as explained below, they are denied.

## II. Plaintiff's Remaining Motions to Amend or Supplement

Plaintiff's three remaining motions to amend (ECF Nos. 9, 12, 20) and motions to supplement (ECF Nos. 19, 21) are denied as futile for three reasons: (1) Plaintiff's complaint, as amended, would be insufficient to satisfy Rule 8's pleading standard; (2) Plaintiff failed to exhaust his administrative remedies; and (3) Plaintiff seeks to improperly join claims stemming from his confinement at Valdosta State Prison (VSP). The Court discusses each reason in turn below.

A. Plaintiff's Amendments Would Create a Shotgun Pleading

First, Plaintiff's complaint, with his proposed amendments, would not meet Rule 8's pleading standard. A plaintiff is required to set forth a short and plain statement showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). Complaints that violate Rule 8 are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings include those that "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. These types of complaints are insufficient because they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018) (citations omitted). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" which "waste scarce judicial resources." *Vibe Micro, Inc.,* 878 F.3d at 1295.

Here, adopting Plaintiff's remaining amendments (ECF Nos. 4, 9, 12, 20) and supplements (ECF Nos. 19, 21) would render his complaint neither short nor plain. Plaintiff's amendments and supplements are scattered throughout six documents, and it is difficult for the Court to decipher the scope of Plaintiff's claims and to which Defendants each claim should be attributed. Defendants would be "hard-pressed to understand 'the grounds upon which each claim [against him] rests.'" *Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (internal citation omitted). Moreover, piecemeal amendments, such as Plaintiff is attempting here, are considered an

"inappropriate way to amend a complaint." *Larney v. Croft*, No. 7:06-cv-40 (HL), 2006 WL 3833887, at *5 n.7 (M.D. Ga. Dec. 29, 2006). For these reasons, and for the reasons articulated below, Plaintiff's remaining motions to amend and supplement are denied. *See Dickerson v. Donald*, 252 F. App'x 277, 279 (11th Cir. 2007) (finding that district court did not abuse discretion to deny proposed supplement where it "only concerned events that took place at least two years *after* the incidents alleged in the amended complaints, that a supplemental complaint would make the case even more complex, and the proposed supplement included unexhausted claims")

B. Plaintiff Failed to Exhaust

Second, Plaintiff's amendments and supplements are futile because he failed to exhaust administrative remedies. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). When a grievance procedure is provided for prisoners, "an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit." *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) (emphasis added). "[E]xhaustion under the PLRA [is] a threshold matter that [federal courts must] address before considering the merits of the case. Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement." *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (internal quotation marks and citations

omitted). The Court may dismiss a claim prior to service when, taking the plaintiff's allegations as true, the plaintiff represents that he has not exhausted his administrative remedies before filing suit in federal court. *See Anderson v. Donald*, 261 F. App'x 254, 256 (11th Cir. 2008) (affirming the district court's dismissal of a plaintiff's claims where the plaintiff "clearly stated in his complaint that he neither appealed his grievable claims after presenting them to the proper grievance committee, nor appealed his disciplinary claim after presenting it to the warden, as provided in the Department of Corrections Standard Operating Procedure.").

Here, Plaintiff's remaining motions to amend and supplement are based on events that occurred in April, May, August, November, and December 2025, and March 2026. 2d Mot. Am. Compl. 1-2; 3d Mot. Am. Compl. 1-4; 4th Mot. Am. Compl. 2-4; Mot. Am. & Stay 1-2; Supp. Aff. 1-2. However, Plaintiff initiated this action on February 21, 2025. Compl. 6, ECF No. 1. Thus, these incidents—which occurred after Plaintiff's complaint was filed—could not have been grieved *before* Plaintiff initiated this action. Additionally, although Plaintiff has since filed grievances relevant to his second, third, and fourth amendments, those grievances were still within the administrative process of the prison system at the time of filing, and thus not fully exhausted. 2d Mot. Am. Compl. 1-2; 3d Mot. Am. Compl. 1-4; 4th Mot. Am. Compl. 1-5. The Court discusses exhaustion as it relates to each amendment in more detail below.

In Plaintiff's second motion to amend (ECF No. 9), he acknowledges that he did not exhaust the administrative process as to each claim raised. *See* 2d Mot. Am.

Compl. 1 (stating that "[a]ppeal is still pending" for "Grievance # 381345"); *id.* at 2 (stating that "[a]ppeal is still pending" for "Grievance #381346"); *id.* at 2-3 (stating that "Grievance # _____ . . . is still pending on the institutional level"). Accepting these allegations as true, Plaintiff did not exhaust his administrative remedies before moving to amend his complaint, and his second motion to amend (ECF No. 9) should therefore be denied as futile.

Additionally, Plaintiff's third and fourth motions to amend explain that Plaintiff has since administratively exhausted the claims raised in his second motion to amend. 3d Mot. Am. Compl. 1-4; 4th Mo. Am. Compl. 1, 5. However, this cannot save Plaintiff's motions: that exhaustion would have occurred after both the initial complaint and the second motion to amend were filed. Plaintiff's failure to exhaust his claims cannot be cured by later amendment or supplementation. *See Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (holding that a supplemental complaint cannot cure an exhaustion defect in original complaint because "[t]he only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint").[4]

In Plaintiff's third motion to amend, he appears to raise only one new claim related to religious discrimination. 3d Mot. Am. Compl. 4-5. Plaintiff explains that he grieved that claim, which was partially granted, and then he filed a partial appeal

---

[4] Some courts have held that a prisoner may file an amended or supplemental complaint to add claims that arose during litigation of the original complaint, so long as those claims are fully exhausted prior to filing the amended or supplemental complaint. *See, e.g.*, *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). But that authority is inapplicable to this case, since Plaintiff appears to have failed to fully exhaust the claims raised in his motions to amend.

on November 25, 2025. *Id.* That appeal was still pending on January 5, 2026, when Plaintiff filed his third motion to amend. *Id.*; 4th Mot. Am. Compl. 1 (discussing Grievance #387776). Thus, because Plaintiff did not exhaust administrative remedies before filing his complaint or third motion to amend, his third motion to amend (ECF No. 12) is denied.

In Plaintiff's fourth motion to amend, he seeks to add claims against three additional Defendants. 4th Mot. Am. Compl. 3. These claims arise from events that occurred in December 2025 at Wilcox State Prison (WSP). *Id.* at 2-3. Plaintiff claims he grieved this issue on January 27, 2026. *Id.* When he received no response from prison officials, Plaintiff filed an appeal. *Id.* Because it appears that Plaintiff's appeal is still pending, the administrative process has not been exhausted, and this motion to amend should be denied as futile. *Id.*

Plaintiff's fourth motion to amend also seeks to add claims stemming from events that occurred after Plaintiff was transferred to VSP. *Id.* at 3-5. Plaintiff was transferred to VSP on March 27, 2026, and he signed his fourth motion to amend 95 days later, on June 30, 2026. *Id.* at 3-4, 6. Plaintiff acknowledges that the Georgia Department of Corrections has at least 100 days to issue a central office appeal. 4th Mot. Am. at 1. Thus, even if Plaintiff filed a grievance about his incarceration at VSP on the day that he arrived, it does not appear that he could have fully exhausted administrative remedies prior to filing his fourth motion to amend. For this reason, his fourth motion to amend is denied as futile.

C. Improper Joinder

Third, Plaintiff's claims arising at VSP cannot be properly joined in this action. *See* 4th Mot. Am. 3-5 (moving the Court to add claims arising from events that allegedly occurred at VSP). Plaintiff may join defendants to an action only when the right to relief asserted arises "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. In other words, there must exist a "logical connection between the defendants and events[.]" *Phillips v. Governor, State of Ga.*, No. 17-12501-H, 2017 WL 9513011, at *5 (11th Cir. Dec. 13, 2017).

In his fourth motion to amend, Plaintiff attempts to bring Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) claims against officials at VSP for religious discrimination. 4th Mot. Am. Compl. 3-5. While Plaintiff raised RLUIPA claims in his initial complaint, nothing in Plaintiff's fourth motion to amend demonstrates that the VSP incidents were part of "the same transaction, occurrence, or series of transactions or occurrences" as Plaintiff's initial claims. *Id.*; Compl. 5. Plaintiff's amended claims involve different Defendants, prisons, and incidents, and the new causes of action accrued approximately two years after the initial events complained of. *Compare* Compl. 5, 11-18, *with* 4th Mot. Am. Compl 3-5. Because of the remoteness and unrelatedness of the events, joinder of these claims and defendants would be improper. *See Phillips*, 2017 WL 9513011, at *5 (noting that district court did not err by dismissing claims as unrelated because even though some

of plaintiff's "claims involved similar issues—such as access to legal materials—his claims also involved separate incidents and different defendants"). Therefore, Plaintiff's fourth motion to amend is denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff's first motion to amend (ECF No. 4) is **GRANTED**. However, Plaintiff's second, third, and fourth motions to amend (ECF No. 9, 12, 20), and his two motions to supplement (ECF No. 19, 21) are **DENIED**.[5]

**SO ORDERED**, this 4th day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

[5] This decision to deny Plaintiff's multiple supplemental complaints does not preclude Plaintiff from raising his claims from these documents in any future civil actions. Should he choose to do so, Plaintiff must address the filing fee for each subsequent civil action, exhaust all of his administrative remedies prior to filing suit, and ensure the claims and defendants can be properly joined.